FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEC 1 6 2024

MITCHELL R. ELFERS
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**ANGELICA DOMINGUEZ,**

Defendant.

Cr. No. 24-00186-MLG

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States of America, by the United States Attorney for the District

of New Mexico, and the Defendant, Angelica Dominguez, with the advice and counsel of her

attorney, Emily Carey. This agreement is limited to the United States Attorney's Office for the

District of New Mexico and does not bind any other federal, state, or local agencies or

prosecuting authorities.

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney

and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

    a.      to be prosecuted by indictment;

    b.      to plead not guilty, or having already so pleaded, to persist in that plea;

1

    c.    to have a trial by jury; and

    d.    at a trial:

        i.    to confront and cross-examine adverse witnesses,

        ii.    to be protected from compelled self-incrimination,

        iii.    to testify and present evidence on the Defendant's own behalf, and

        iv.    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to the sole count of the indictment in this case, charging a violation of 18 U.S.C. §§ 1152, 661, that being Theft in Indian Country, and to the seven counts of the Information attached as Exhibit A to this plea agreement, charging seven violations of 18 U.S.C. § 1344(2), that being, Bank Fraud.

## SENTENCING

4.    The Defendant understands that the maximum penalty provided by law for Theft in Indian Country is:

    a.    imprisonment for a period of not more than five years;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.    a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.     a mandatory special penalty assessment of $100.00; and

      e.     restitution as may be ordered by the Court.

    5.     The Defendant understands that the maximum penalty provided by law for each violation of 18 U.S.C. § 1344(2), that being Bank Fraud, is:

      a.     imprisonment for a period of not more than 30 years;

      b.     a fine not to exceed the greater of $1,000,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

      c.     a term of supervised release of not more than five years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.     a mandatory special penalty assessment of $100.00; and

      e.     restitution as may be ordered by the Court.

    6.     The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

7.     If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 1152, 661, that being Theft in Indian Country:

|  |  |
|---|---|
| *First*: | The property described in the indictment belonged to someone other than defendant; |
| *Second*: | Defendant took and carried away the property; |
| *Third*: | Defendant acted with the intent to steal or purloin the property; |
| *Fourth*: | The value of the property taken exceeded $1,000; |
| *Fifth*: | The offense was committed in Indian Country; |
| *Sixth*: | Defendant is non-Indian. |

Information, Counts 1-7: 18 U.S.C. § 1344(2), that being Bank Fraud:

|  |  |
|---|---|
| *First*: | the defendant knowingly executed and attempted to execute a scheme or artifice to obtain money or property from financial institutions by means of false or fraudulent pretenses, representations, or promises; |
| *Second*: | the financial institutions (as charged in the information) were financial institutions within the meaning of the law; |
| *Third*: | the defendant acted with intent to defraud a financial institution; |
| *Fourth*: | the false or fraudulent pretenses, representations, or promises that the defendant made were material, meaning they would naturally tend to influence, or were capable of influencing the decision of, the financial institutions; and |

*Fifth*:          the defendant placed the financial institutions at risk of
                 civil liability or financial loss.

## DEFENDANT'S ADMISSION OF FACTS

8.      By my signature on this plea agreement, I am acknowledging that I am pleading

guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize

and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge

that if I chose to go to trial instead of entering this plea, the United States could prove facts

sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a

reasonable doubt, including any facts alleged in the indictment and information that increase the

statutory minimum or maximum penalties. I specifically admit the following facts related to the

charges against me, and declare under penalty of perjury that all of these facts are true and

correct:

**Theft in Indian Country:**

**Shortly after 4:00 AM on May 22, 2022, I, Angelica Dominguez, and Billie Jo**

**Gussler gained unauthorized entry to the Valero gas station at 10 Camel Rock Road**

**in Santa Fe, New Mexico, which is within the exterior boundaries of Tesuque**

**Pueblo.   Once inside, Billie Jo Gussler and I took and carried away property**

**belonging to the Valero gas station, including lottery tickets and cigarettes.   We**

**took this property with the intent to steal it.   I later learned, and do not dispute,**

**that the value of the property we took exceeded $1,000.   I am not a member of any**

**federally recognized Indian tribe.**

5

**Bank Fraud:**

I further admit that from at least January 6, 2020, through to August 19, 2022, in Sandoval, Santa Fe, and Rio Arriba Counties, in the District of New Mexico, I, Angelica Dominguez, executed and attempted to execute a scheme or artifice with co-schemer Billie Jo Gussler to obtain money or property from a number financial institutions, including Del Norte Credit Union, Bank of America, N.A., U.S. Bank, N.A., Century Bank, Enterprise Bank and Trust, Washington Federal Bank, and SoFi Bank, N.A., by means of false or fraudulent pretenses, representations, or promises. Specifically, my co-schemer and I signed and altered checks so we could authorize and/or cash these checks and withdraw money belonging to the financial institutions and to the true holder of the checking account, knowing we did not have permission or authority to make such representations. I further admit that these false or fraudulent pretenses, representations, and promises were made with intent to defraud, were material, and placed the financial institutions at risk of financial loss.

Specific examples of the fraudulent scheme are below:

Count 1: On January 31, 2020, I presented check number 1764 from a US Bank account belonging to J.H. for $433.80 at a clothing store in Santa Fe, New Mexico, with my co-schemer present. Check number 1764 had been fraudulently signed in my name, and my name "Angelica Dominguez" had been fraudulently printed on the check as a second accountholder, above J.H.'s name. I agree that the United States can prove, and I do not dispute, that at the time I did this, US Bank was a

6

federally insured financial institution. In committing this act, my co-schemer and I intended to obtain money through a false representation to US Bank.

Count 2:   On February 26, 2020, I cashed check number 8992 from a Bank of America account belonging to S.F.O.S. LLC for $1,488 at a Bank of America branch office in Santa Fe, New Mexico. At that time, check number 8992 had been fraudulently altered to be made payable to "Angelica Dominguez." I agree that the United States can prove, and I do not dispute, that at the time I did this, Bank of America was a federally insured financial institution. In committing this act, my co-schemer and I intended to obtain money through a false representation to Bank of America.

Count 3:   On March 2, 2020, my co-schemer cashed check number 8994 from the Bank of America account belonging to S.F.O.S. LLC for $1,488 at a Bank of America branch office in Santa Fe, New Mexico. At that time, check number 8994 had been fraudulently altered to be made payable to "Billie Gussler." I agree that the United States can prove, and I do not dispute, that at the time my co-schemer did this, Bank of America was a federally insured financial institution. In committing this act, my co-schemer and I intended to obtain money through a false representation to Bank of America.

Count 4:   On May 18, 2020, my co-schemer cashed check number 60186 from a Washington Federal Bank account belonging to T.C.I. for $14,400 in cash and a $10,000 cashier's check at a Washington Federal Bank branch office in Espanola, New Mexico. At that time, check number 60186 had been fraudulently altered to be made payable to "Angelica Dominguez or Billie Gussler." I agree that the United

States can prove, and I do not dispute, that at the time my co-schemer did this, Washington Federal Bank was a federally insured financial institution. In committing this act, my co-schemer and I intended to obtain money through a false representation to Washington Federal Bank.

Count 5:   On May 31, 2021, at a retail store in Espanola, New Mexico, I cashed check number 193, written out in the amount of $75, from a SoFi Bank account belonging to J.G., and received $75 in cash. At that time, check number 193 had been fraudulently altered to be made payable to "Angelica Dominguez." I agree that the United States can prove, and I do not dispute, that at the time I did this, SoFi Bank was a federally insured financial institution. In committing this act, my co-schemer and I intended to obtain money through a false representation to SoFi Bank.

Count 6:   On June 1, 2021, at a retail store in Santa Fe, New Mexico, I cashed check number 185, written out in the amount of $75, from the SoFi Bank account belonging to J.G., and received $75 in cash. At that time, check number 185 had been fraudulently altered to be made payable to "Angelica Dominguez." I agree that the United States can prove, and I do not dispute, that at the time I did this, SoFi Bank was a federally insured financial institution. In committing this act, my co-schemer and I intended to obtain money through a false representation to SoFi Bank.

Count 7:   On June 4, 2021, at a retail store in Espanola, New Mexico, my co-schemer cashed check number 190, written out in the amount of $75, from the SoFi Bank account belonging to J.G., and received $75 in cash. At that time, check

**number 190 had been fraudulently altered to be made payable to "Billie Gussler." I agree that the United States can prove, and I do not dispute, that at the time my co-schemer did this, SoFi Bank was a federally insured financial institution. In committing this act, my co-schemer and I intended to obtain money through a false representation to SoFi Bank.**

9.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

      a.      As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this

agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

11.      Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

12.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to

information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

### DEFENDANT'S ADDITIONAL AGREEMENT

13.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

15.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

16.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is

relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

17.    The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

18.    The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

19.    Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

**RESTITUTION**

20.    The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

21.    No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, 201 Third Street NW, Suite 900, Albuquerque, New Mexico 87102, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

22.    The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United

States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

23.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

24.    The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

25.    The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

26.    In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

### GOVERNMENT'S ADDITIONAL AGREEMENT

27.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a.    The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment and the information attached as Exhibit A to this Plea Agreement.

### VOLUNTARY PLEA

28.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

### VIOLATION OF PLEA AGREEMENT

29.    The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

30.    The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

31.     Following the Court's finding of a breach of this agreement by the Defendant,
should the United States choose to pursue any charge that was either dismissed or not filed as a
result of this agreement, the Defendant waives any defense to that charge or charges based on the
lapse of time between the entry of this agreement and the Court's finding of a breach by the
Defendant.

## SPECIAL ASSESSMENT

32.     At the time of sentencing, the Defendant will tender to the United States District
Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico
87102, a money order or certified check payable to the order of the **United States District
Court** in the amount of $800 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

33.     This document and any addenda are a complete statement of the agreement in this
case and may not be altered unless done so in writing and signed by all parties. This agreement is
effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this *16th* day of *December*        , 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney


MEG TOMLINSON
MARIA ELENA STITELER
Assistant United States Attorneys
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
EMILY CAREY
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

_____
ANGELICA DOMINGUEZ
Defendant

16