IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 24-CR-186 MLG |
| ) | |
| **BILLIE JO GUSSLER,** ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' OBJECTION TO PRESENTENCE REPORT

The United States submits the following objection to the Presentence Report ("PSR"), Doc. 69, regarding Defendant Billie Jo Gussler and filed on March 27, 2025. As detailed below, the United States objects to the PSR's failure to apply a two-level upward adjustment for Obstructing or Impeding the Administration of Justice, pursuant to U.S.S.G. §3C1.1, based on Defendant's cutting her GPS ankle monitor and absconding while on conditions of pretrial release. If the adjustment were applied as the United States believes it should be, the final offense level for the offense level would be 14, and the guideline range would be 37-46 months.

### BACKGROUND

Defendant was first arrested on federal charges for Theft in Indian Country, in violation of 18 U.S.C. § 1152, 661, on June 18, 2024. On July 5, 2024, she appeared for an arraignment and detention hearing. At that hearing, Defendant was ordered released to the custody of Hoffman Hall, a sober living facility, on pretrial conditions that included a restriction on travel outside of Bernalillo County and home detention GPS monitoring. Doc. 32 at 2. On July 11, 2024, Pretrial Services filed a petition for action on Defendant's conditions of release. Doc. 35. The petition indicated that, at approximately 3:53 PM on July 11, 2024, the United States

Probation Office received two GPS alerts indicating a strap tamper and a proximity tamper alert. *Id*. These alerts are inidicative of a GPS unit being removed. *Id*. Defendant did not have permission to remove the GPS unit, so the pretrial services officer made multiple attempts to contact Defendant. *Id*. Each of these attempts was unsuccessful, and Defendant made no attempt to contact the officer. *Id*. Pretrial services received a similar alert for Defendant's wife and co-defendant, Angelica Dominguez. Doc. 34. The cut GPS units were later located in a large commcercial dumpster at Papa Felipe's restaurant in Albuquerque. Doc. 35. Both defendants' whereabouts were unknown until they were arrested nearly one month later, on August 9, 2024. *See* Doc. 52. Following their arrests, both defendants were detained pending trial. Doc. 44-50. On December 16, 2024, Defendant pled guilty to the indictment as well as a separate information charging seven counts of Bank Fraud, in violation of 18 U.S.C. § 1344(2). Doc. 59, 62.

## ARGUMENT

U.S.S.G. § 3C1.1 provides for a two-level upward adjustment when a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]" This adjustment applies when a defendant flees from any form of pretrial custody, including court-ordered confinement to a halfway house. *United States v. Swanson*, 253 F.3d 1220, 1223-24 (10th Cir. 2021) (affirming applicating of adjustment under § 3C1.1 based on defendant's pre-sentencing flight from halfway house in New Mexico); *United States v. Renteria*, 539 F. Supp. 3d 1204, 1216 (D.N.M. 2020) (applying adjustment based on pretrial flight while on conditions of release at La Pasada

Halfway House).

Here, there is no question Defendant cut her GPS monitor and absconded while on pretrial conditions of release for the Theft in Indian Country offense charged in the indictment. *See* Doc. 35. Her whereabouts were unknown for nearly a month, until she was arrested and detained on the pending charge. Doc. 52. This conduct squarely amounts to obstructing or impeding the prosecution of the Theft in Indian Country offense that was pending at the time she absconded and to which she later pled guilty. *Swanson*, 253 F.3d at 1223-24; *Renteria*, 539 F. Supp. 3d at 1216. The Theft in Indian Country offense was grouped with the seven Bank Fraud counts in the Information for sentencing purposes. PSR ¶ 43. Accordingly, this obstructive conduct is a portion of Defendant's offense of conviction and the accompanying relevant conduct for purposes of sentencing. The two-level adjustment for obstructing or impeding the prosecution of this offense should therefore apply.

Applying this adjustment leads to the following guideline calculations:

| ACTION | NUMBER | REFERENCE OR COMMENT |
|---|---|---|
| Base Offense Level | 7 | § 2B1.1(a)(1) |
| Adjustment: Loss exceeding $40,000 | +6 | § 2B1.1(b)(1)(D) |
| Adjustment: One or more victims | +2 | § 2B1.1(b)(2)(A)(iii) |
| Adjustment: Obstruction of justice | +2 | § 3C1.1 |
| Adjusted Offense Level | 17 | |
| Adjustment: Acceptance | -3 | § 3E1.1 |
| Total Offense Level | 14 | |
| Estimated Criminal History Category (both defendants) | VI | |
| Advisory Sentencing Range (months) | 37-46 | |

Accordingly, the United States respectfully submits that the Court should apply an additional two-level adjustment under U.S.S.G. § 3C1.1 for a final offense level of 14 and

3

applicable guideline range of 37-46. Undersigned counsel for the United States sought opposing counsel's position on this objection shortly before filing and presumes the objection is opposed.

                Respectfully submitted,

                HOLLAND S. KASTRIN
                Acting United States Attorney

                *Electronically Filed on April 10, 2025*
                MEG TOMLINSON
                MARIA STITELER
                Assistant United States Attorneys
                201 Third Street NW, Suite 900
                Albuquerque, New Mexico 87102
                (505) 346-7274

I HEREBY CERTIFY that on the 10th day of April 2025, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

*<u>Filed Electronically</u>* **April 10, 2025**
MEG TOMLINSON
Assistant U.S. Attorney