IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR. No. 24-00186-002-MLG |
| ) | |
| **BILLIE JO GUSSLER**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' REVISED RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

The United States hereby responds to Defendant Billie Jo Gussler's ("Defendant") objections to the Presentence Investigation Report ("PSR," Doc. 69), filed April 11, 2025 (Doc. 73.).

**I.   Objections to S.U.N.C. Checks (Objections 4-8, 16)**

Several of Defendant's objections stem from her claim that the S.U.N.C. checks that Defendant cashed do not total $10,572.72, as calculated in paragraph 29 of the PSR, but rather $6,076.83, resulting in a difference of $4,495.89 in the actual loss attributed to Defendant.

The United States does not dispute Defendant's claim that defendant only successfully cashed $6,076.83 in S.U.N.C. However, Defendant also attempted to cash an additional $4,495.89 in checks, which were rejected by the bank. Thus, while the United States does not object to Defendant's proposed Objections 5, 6, and 7 regarding actual loss and restitution, the United States believes that the additional $4,495.89 in attempted loss should count towards Defendant's total intended loss under USSG sections 2B1.1(b)(1), not changing the United States Probation Office's ("USPO") sentencing calculation.

## II. Objection to Two-Level Enhancement Pursuant to USSG § 2B1.1(b)(2)(A)(iii) (Objection 9)

Defendant also objects to the PSR's inclusion of a two-level enhancement under United States Sentencing Guideline (U.S.S.G.) § 2B1.1(b)(2)(A)(iii), which provides for a two-level increase if the offense involved substantial financial hardship to one or more victims. The United States agrees with the USPO that a two-level enhancement is warranted under U.S.S.G. § B1.1(b)(2)(A) for the number of victims, but believes this enhancement should be under § B1.1(b)(2)(A)(i) because the offense involved 10 or more victims. Specifically, the victims here included at least the Valero gas station/store, J.H., J.G., J.R., R.R., U.S. Bank, Bank of America, Washington Federal Bank, SoFiBank, Del Norte Credit Union, and CitiBank, as well as the recipients of the checks stolen from the mail by Defendant. *See* U.S.S.G § B1.1 Commentary 1 (defining "victim" as "any person who sustained any part of the actual loss"); U.S.S.G § B1.1 Commentary 4(C)(i) ("In a case in which undelivered United States mail was taken . . . "victim" means (I) any victim as defined in Application Note 1; or (II) any person who was the intended recipient, or addressee, of the undelivered United States mail."); U.S.S.G § B1.1 Commentary 4(E) ("For purposes of subsection (b)(2), in a case involving means of identification "victim" means (i) any victim as defined in Application Note 1; or (ii) any individual whose means of identification was used unlawfully or without authority.").

Because there are more than ten victims here, the Court should find that U.S.S.G. § 2B1.1(b)(2)(A)(i) applies, rather than § 2B1.1(b)(2)(A)(iii), which leaves Defendant's total offense level unchanged.

### III. Objections to Narrative (Objections 1-3, 10-15, 17)

The United States concurs with Defendant's objection 3 and takes no position with respect to Defendant's remaining objections to the narrative in the PSR, including objections 1, 2, 10-15, and 17.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*Filed Electronically April 18, 2025*
MARIA ELENA STITELER
Assistant U.S. Attorney
201 Third Street N.W., Suite 900
Albuquerque, NM 87102
(505) 224-1406

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

*Electronically Filed April 18, 2025*
MARIA ELENA STITELER
Assistant U.S. Attorney