IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   24-CR-186-MLG |
| | ) | |
| vs. | ) | |
| | ) | |
| **BILLIE JO GUSSLER,** | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States respectfully submits this brief response to Defendant's Sentencing Memorandum filed on July 23, 2025 (Doc. 95). In her filing, Defendant states that the United States made "blatantly false" statements in its Sentencing Memorandum by misstating what was contained in PSR ¶¶ 57, 61, and 64. Doc. 95 at 5-6. The United States agrees with Defendant that the Court must accurately consider Defendant's past performance on probation in determining an appropriate sentence in this case. But Defendant is quoting from the wrong document in asserting that the United States mischaracterized this information.

The United States' Sentencing Memorandum cites ¶¶ 57, 61, and 64 of the Second PSR, which was filed on May 22, 2025, and was the operative PSR when the United States filed its sentencing memorandum and when Defendant filed hers. *See* Doc. 85-1. Each of these paragraphs reflects Defendant's dishonorable discharge from probation. Doc. 85-1 ¶ 57 (defendant received dishonorable discharge from probation on August 29, 2005); ¶ 61 (defendant received dishonorable discharge from probation on May 21, 2011); ¶ 64 (defendant received dishonorable discharge from probation on July 24, 2018). In fact, this version of the PSR also reflects an additional dishonorable discharge from probation on July 15, 2018. Doc. 85-1 ¶ 66.

Defendant's Sentencing Memorandum appears to incorrectly refer to the prior version of the PSR filed on March 27, 2025. *See* Doc. 69 ¶¶ 57, 61, 64.

Despite claiming that the United States' statements regarding Defendant's past performance on probation were blatantly false, Defendant offered no information to the contrary. And notably, the same information cited in the United States' Sentencing Memorandum was included in the prior version of the PSR to which Defendant cited, just at slightly different paragraph numbers. *See* Doc. 69 ¶¶ 56, 60, 63.

The United States therefore respectfully maintains that the Court should consider Defendant's repeated poor performances on probation as one of numerous factors that support a sentence at the high-end of the guideline range.

    Respectfully submitted,

    RYAN ELLISON
    Acting United States Attorney

    */s/     Electronically filed*
    MARIA STITELER
    MEG TOMLINSON
    Assistant United States Attorneys
    201 3rd St. NW, Suite 900
    Albuquerque, New Mexico 87102

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

      */s/ Electronically filed*
**MEG TOMLINSON**
Assistant United States Attorney
201 3rd St. NW
Albuquerque, NM 87102